PER CURIAM.
Plaintiffs contested the 1988 and 1989 real property tax assessments on their ten-building headquarters complex located in the Borough of Peapack and Gladstone. The Tax Court concluded that the correct method of valuation was to use the actual cost of construction trended up to the assessment dates and on that basis reduced the 1988 assessment by $60,305,475 and the 1989 assessment by $53,554,550. The issues on this appeal focus principally on the manner in which the Tax Court made its determination of actual costs. The opinion of the Tax Court is published at 11 N.J.Tax 359 (Tax Ct.1990).
Defendant Borough appeals and seeks reinstatement of the original assessment. Defendant contends the plaintiffs failed to overcome the presumption of correctness that attached to the municipality’s valuation. Alternatively, defendant argues that the *113 Tax Court’s use of a conservative 12% figure for soft costs rather than the sum of actual soft cost figures was reversible error. The Tax Court stabilized the soft cost figure because interest rates were unusually high at the time of construction, which was between 1979 and 1981. Plaintiffs respond that this decision to stabilize soft costs was within the Tax Court’s discretion.
Plaintiffs filed a cross-appeal challenging the Tax Court’s decision to add a figure for entrepreneurial profit and challenging the court’s classification of co-generation and food service equipment as real property. Plaintiffs argue that entrepreneurial profit is not an appropriate consideration for corporate property built by the owner for its own use. As to the co-generation and food service equipment, plaintiffs contend that these are elements of personal rather than real property.
In denying defendant’s motion for reconsideration the trial court made the following statement:
I found that the most reliable indicator was the actual cost, but that doesn’t mean that ... the evidence isn’t to be tempered by all of the testimony of the experts ... and the other evidence, like the Internal Revenue Service figure. But I’ve been doing this for about 40 years and I know there is no right answer, there’s just the exercise of the best judgment that you can bring to bear. And I’m satisfied that in deciding this case, after hearing all the evidence, that the end result was the proper and fair end result. And so I’m going to deny your motion.
Quoting from Glen Wall Assocs. v. Tp. of Wall, 99 N.J. 265, 280, 491 A.2d 1247 (1985), the Supreme Court recently “emphasized that the Tax Court has an obligation to use its ‘special qualification[s], knowledge and experience’ in reaching a determination of value.” Ford Motor Company v. Tp. of Edison, 127 N.J. 290, 311, 604 A.2d 580 (1992). It added the following:
The premise of Glen Wall is that because of the Tax Court’s special expertise in these matters, “ ‘it has not only the right [ ] but the duty to apply its own judgment to valuation data submitted by experts in order to arrive at a true value and find an assessment for the years in question.’ ” 99 N.J. at 280 [491 A.2d 1247] (quoting New Cumberland Corp. v. Borough of Roselle, 3 N.J.Tax 345, 353 (Tax 1981)).

Ibid.

The determination presented for review is affirmed substantially for the reasons stated by Presiding Judge Lasser in his formal *114 written opinion for the Tax Court published at 11 N.J.Tax 359 (Tax Ct.1990).